IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| DAVID LIPNICKI, NEIL ALBA, DONNA ARMSTRONG, and BRIANNA ROGAN, on behalf of themselves and all others similarly situated,  §§§§§§ | Civil Action No. _____ |
| Plaintiffs, §§ | |
| v. §§§ | COLLECTIVE ACTION  (JURY TRIAL) |
| MERITAGE HOMES CORPORATION and MERITAGE HOMES OF TEXAS, LLC §§§§ | |
| Defendants. § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiffs David Lipnicki, Neil Alba, Donna Armstrong, and Brianna Rogan (collectively, "Plaintiffs") on behalf of themselves and all others similarly situated file this Original Complaint against Defendants Meritage Homes Corporation and Meritage Homes of Texas, LLC (collectively, "Defendants" or "Meritage Homes"), and in support thereof would show as follows:

### I. INTRODUCTION

1.1     Plaintiffs, on behalf of themselves and all others similarly situated who have worked for Defendants as salespersons in the three years preceding the filing of this lawsuit, bring this collective action to recover overtime compensation, minimum wages and other wages, liquidated damages, attorney's fees, litigation expenses, costs of court, pre-judgment and post-judgment interest and injunctive relief under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA").

1.2     The collective action consists of current and former employees who worked for Defendants or their subsidiaries, who in the three years preceding the filing of this suit were misclassified as exempt and were not paid minimum wages and/or overtime compensation at time and one half for hours they worked over 40 in a week in violation of the FLSA and whose job duties included performing sales of newly constructed homes from Defendants' sales office. The collective action includes, without limitation, any individual with the job title of sales counselor, sales manager, or with any similar title who performed similar duties of the named Plaintiffs and was paid as a commissioned, exempt employee (referred to herein as a "salesperson").

1.3     Plaintiffs and all others similarly situated demand a jury trial.

## II.  PARTIES

**A.     PLAINTIFFS**

2.1     At all relevant times, Plaintiffs were employed by Defendants within the meaning of the FLSA as a salesperson. The Notice of Consent of the Plaintiffs are attached hereto and are being filed herewith.

*Collective Action Members*

2.2     The collective action members are those current and former salespersons similarly situated to the Plaintiffs as set forth above.

**B.     DEFENDANTS**

2.3     Defendant Meritage Homes Corporation is a foreign corporation that conducts business in the State of Texas and in this District. Pursuant to FED. R. CIV. P. 4(e)(1), service can be effected according to the law of the state where this District Court is located, Texas. Pursuant to TEX. CIV. PRAC. & REM. CODE §§ 17.044 and 17.045, because Meritage Homes Corporation is

a nonresident that engages in business in Texas, but has not designated or maintained a resident agent for service of process in this state, the Texas Secretary of State is an agent for service of process on this Defendant, and service of process may be obtained over this Defendant by serving process on the Secretary of State.  Once process is served on the Texas Secretary of State, the Secretary of State is requested to immediately mail a copy of the process by registered mail or by certified mail return receipt requested to the person in charge of this non-resident's business at this Defendant's home office as follows:

> Meritage Homes Corporation
> 17851 N. 85th Street, Suite 300
> Scottsdale, Arizona  85255-6316

2.4	Defendant Meritage Homes of Texas, LLC is a foreign corporation that conducts business in the state of Texas and in this District.  Pursuant to FED. R. CIV. P. 4(e)(1), service can be effected according to the law of the state where this District Court is located, Texas. Pursuant to TEX. CIV. PRAC. REM. CODE § 17.023(b), Meritage Homes of Texas, LLC can be served with process by serving its agent for service of process, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

2.5	Each of the Defendants is engaged in interstate commerce with an annual volume of sales of not less than $500,000.

2.6	At all relevant times to this action, Defendants were the employer of Plaintiffs and all others similarly situated within the meaning of 29 U.S.C. § 203(d) and constitute an "enterprise" engaged in commerce as defined in 29 U.S.C. §§ 203(r), 203(s).

### III. JURISDICTION AND VENUE

3.1     Jurisdiction of this action is conferred on this Court by 29 U.S.C. § 216(b) and by the provisions of 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any act of Congress regulating commerce."

3.2     Venue is proper in the Southern District of Texas, Galveston Division pursuant to 28 U.S.C. §§ 1391(a)(2) and 1391(b), because among other reasons, Defendants are residents of and are doing business in this District; each of the Plaintiffs worked for Defendants in Brazoria County and/or Galveston County, Texas; and a substantial part of the events giving rise to the claim occurred in Brazoria County and/or Galveston County, Texas..

### IV. FACTUAL BACKGROUND

4.1     Meritage Homes is a developer and new home builder with operations throughout the United States.  In the past 3 years, Defendants have employed thousands of individuals throughout the country as salespersons, including Plaintiffs and all others similarly situated.

4.2     Plaintiffs and all others similarly situated performed inside sales work and were not paid time and one-half for hours they worked over 40 in a week ("overtime compensation") and/or minimum wages.

4.3     Plaintiffs and all others similarly situated frequently worked over 40 hours in a week while employed by Defendants.

4.4     Defendants' policy and/or practice was to not pay Plaintiffs and all others similarly situated overtime compensation for hours worked over 40 in a week as required by the FLSA and/or minimum wages.

4.5     Plaintiffs and all others similarly situated are non-exempt current and/or former employees of Defendants, one or more of them, who worked overtime hours as salespersons and were misclassified as exempt.

4.6     Plaintiffs and all others similarly situated were compensated on a commission basis as salespersons.

4.7     Plaintiffs and all others similarly situated at times worked for Defendants without receiving any compensation in some pay periods.

4.8     Plaintiffs and all others situated were not paid a salary or hourly rate for work performed as salespersons.

4.9     Plaintiffs and all others similarly situated were falsely classified as exempt for purposes of overtime and were paid on a commission basis without any overtime compensation.

4.10    Plaintiffs and all others similarly situated worked in excess of 40 hours per week without any overtime compensation.

4.11    Defendants' business operations, and the wages and compensation of Plaintiffs and all others similarly situated are substantially similar, if not identical, at all of Defendants' locations throughout the country.

4.12    Defendants knowingly failed to pay overtime to Plaintiffs and all others similarly situated in violation of the FLSA.

4.13    Defendants' conduct has been willful and in bad faith.  Plaintiffs and all others similarly situated are entitled to liquidated damages for such conduct.

4.14    Defendants' practice is to be deliberately indifferent to violations of overtime and/or minimum wage requirements.

## V.  COLLECTIVE ACTION ALLEGATIONS

5.1	Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

5.2	Other employees have been victimized by this pattern, practice, and policy of the Defendants that is in violation of the FLSA.  Plaintiffs are aware that the illegal practices and policies of Defendants have been imposed on other workers.

5.3	The collective action, or those who are similarly situated, consists of current and former individuals who worked for Defendants or their subsidiaries or divisions, who in the three years preceding the filing of this suit were misclassified as exempt and were not paid minimum wages and/or overtime compensation at time and one half for hours they worked over 40 in a week in violation of the FLSA and whose job duties included performing sales of newly constructed homes from a sales office.  The collective action includes, without limitation, those individuals with the job title of sales counselor, sales manager or with any title who performed similar duties of the named Plaintiffs and were paid as commissioned, exempt employees (referred to herein as "salespersons").

5.4	Plaintiffs and all others similarly situated shared common job duties and responsibilities as salespersons.  Thus, Plaintiffs' experiences are typical of the experience of Defendants' other salespersons.

5.5	Plaintiffs file this case as an "opt-in" collective action as specifically allowed by 29 U.S.C. §216(b).

5.6	Plaintiffs bring these claims on their behalf and on behalf of all others similarly situated salespersons who have not been fully compensated for all work performed, time spent, and activities conducted for the benefit of Defendants.

5.7	Plaintiffs and those similarly situated frequently performed work unrelated to sales of newly constructed homes for which they were not compensated.

5.8	Plaintiffs request that Defendants fully identify all others similarly situated in order that proper notice of their right to consent to participation in this collective action may be distributed, including immediately providing the name, last known address, telephone number dates of employment, and job title(s) of all those similarly situated so that notice may be sent to those persons immediately.

5.9	Plaintiffs seek to represent those similarly situated who have provided consent in writing to join this action as required by 29 U.S.C. § 216(b).

5.10	Those individuals who choose to opt in will be listed on subsequent pleadings and copies of the written consents to sue will be incorporated herein by reference.

5.11	Plaintiffs will fairly and adequately represent and protect the interests of those who are similarly situated.

## VI. COUNT 1—VIOLATIONS OF THE FLSA

6.1	Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

6.2	Plaintiffs and all others similarly situated are lawfully non-exempt employees and were improperly classified as exempt employees.

6.3	Defendants have violated the FLSA by failing to pay Plaintiffs and all other similarly situated salespersons minimum wages and/or overtime compensation at a rate of one and one half for all hours worked in excess of 40 hours per week.

6.4	Defendants have not made a good faith effort to comply with the FLSA.

6.5	Each Defendant's conduct was willful within the meaning of 29 U.S.C. § 255(a).

6.6	In further violation of the FLSA, Defendants have failed to maintain accurate employee pay records, including the number of hours worked per work week, by Plaintiffs and by all other similarly situated employees.

6.7	Defendants deliberately misclassified Plaintiffs and all others similarly situated as exempt employees to avoid paying them overtime compensation.

6.8	No exemption excused the Defendants from paying Plaintiffs and all others similarly situated minimum wages and/or overtime compensation.

6.9	Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice regarding overtime compensation owed to Plaintiffs and to all other similarly situated employees.

## VII. JURY DEMAND

7.1	Plaintiffs hereby demand a trial by jury.

## PRAYER

WHEREFORE Plaintiffs and all those similarly situated to them who have or will opt into this action, respectfully pray that this Court follow the certification procedures of § 216 of the Fair Labors Standards Act and conditionally certify a collective action as described herein pending the identification of and receipt of consent from others similarly situated, and that subsequent thereto Plaintiffs and all others who opt-in to this action recover the following:

a.	an order preliminarily and permanently restraining and enjoining Defendants from engaging in the aforementioned pay violations;

b.	damages and restitution for all unpaid wages (including fringe benefits and bonuses), unpaid overtime compensation (at time and one-half), and unpaid minimum wages and other injuries, as provided by the FLSA;

c.	liquidated damages, as provided by the FLSA, equal to the sum of the amount of wages and overtime compensation that were not properly paid;

d. all applicable penalties for the violations set forth herein;

e. an award of reasonable attorney's fees, expenses, expert fees and costs incurred in vindicating the rights of Plaintiffs and all those similarly situated;

f. an award of pre-judgment and post-judgment interest at the highest rate permitted by law; and

g. such other and further relief, at law or in equity, as this Court deems just and appropriate.

Respectfully submitted,

By: /s/ Rhonda H. Wills
    Rhonda H. Wills
    ATTORNEY-IN-CHARGE
    State Bar No. 00791943
    S.D. Id. No. 20699
    WILLS LAW FIRM
    2700 Post Oak Blvd., Suite 1350
    Houston, Texas  77056
    Telephone:  (713) 528-4455
    Facsimile:  (713) 528-2047

ATTORNEYS FOR PLAINTIFFS