UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| DAVID LIPNICKI, ET AL. | § | |
|     *Plaintiffs*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 10-00605 |
| | § | |
| MERITAGE HOMES CORPORATION, | § | |
| ET AL. | § | |
|     *Defendants*. | § | |

## DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR NOTICE AND CONDITIONAL CERTIFICATION

Defendants Meritage Homes Corporation and Meritage Homes of Texas, LLC (collectively "Meritage") file this Response to Plaintiffs' Motion for Notice and Conditional Certification ("Plaintiffs' Motion") as follows.

**I.  Introduction**

Meritage does not oppose conditional certification of this matter, but files this response to address several factual and legal inaccuracies in Plaintiffs' Motion.

Plaintiffs have filed this case as a collective action under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA"). They contend that they are all due overtime pay, and in some instances they apparently seek minimum wages. Plaintiffs, however, are misguided. Meritage properly classified all of them as outside sales professionals who were exempt from the overtime and minimum wage requirements of the FLSA.[1] Meritage recognizes that, under the two-step process courts use to address a motion for conditional certification, its opposition to Plaintiffs' contentions about the appropriateness of collective treatment is best reserved until the close of discovery, at which time Meritage may move to decertify.

---

[1] FLSA section 13(a)(1), 29 U.S.C. § 213(a)(1), provides an exemption from the minimum wage and overtime provisions for "any employee employed… in the capacity of outside salesman."

## II. Clarifications of Plaintiffs' Statements in Their Motion

Meritage is a homebuilder and employs its sales associates to sell its homes in multiple states, including Texas. Meritage is based in Scottsdale, Arizona. Meritage's Texas operations are organized in three divisions: the Houston Division, the Central Texas Division, and the DFW Division. These divisions operate independent of each other, although the leadership of all divisions report to Meritage's corporate headquarters in Scottsdale.

Meritage employs sales associates who work from its model homes in various neighborhoods in which it constructs new homes. These sales employees are trained, expected to, and do engage in various outside sales activities. Accordingly, Meritage's sales associates fall squarely within the Department of Labor Wage and Hour Opinion Letter that opines that new home sales personnel working out of the employer's model homes are exempt under the Outside Sales Exemption to the FLSA's overtime requirement.[2]

Plaintiffs are correct that Meritage compensates its sales associates under a 100% commission arrangement, but Plaintiffs are incorrect in their various characterizations of Meritage as a "repeat offender" on page 2 of their Motion.[3] Because Meritage compensates its sales associates, if they sell any houses, via a 100% commission arrangement, and because they are exempt from the overtime and minimum wage requirements of the FLSA, Meritage pays its sales associates for all time worked by virtue of the commissions it pays them.[4]

---

[2] Attached as Exhibit A.

[3] The FLSA cases Plaintiffs cite, filed in the Northern District of Texas and the Middle District of Florida, in no way demonstrate any wrongful conduct by Meritage. To the contrary, a cursory review of the docket reveals that both cases settled, and that Meritage contested liability in both cases. Plaintiffs simply mischaracterize the facts by throwing stones at Meritage with regard to these lawsuits.

[4] Where the employer compensates the employee for all hours worked the appropriate overtime premium is one-half, rather than time and one half, the regular rate. *E.g. Urnikis-Negro v. Am. Family Prop. Srvcs.*, 616 F.3d 665, 666 (7th Cir. 2010); *see also Torres v. Bacardi Global Brands, Inc.*, 482 F. Supp. 1379, 1381-82 (S.D. Fla. 2002).

**III. Conclusion**

As noted, Meritage does not oppose certification. It does not agree with the notice submitted by Plaintiffs, but is confident that counsel for Meritage and counsel for Plaintiffs will be able to negotiate an agreed notice to submit to this Court.

        Respectfully submitted,

        **JACKSON WALKER L.L.P.**

        By: */s/ Scott R. McLaughlin*
        Scott R. McLaughlin
        State Bar No. 00791234
        Fed. ID No. 18138
        smclaughlin@jw.com
        1401 McKinney, Suite 1900
        Houston, Texas 77010
        (713) 752-4200
        (713) 752-4221 – (facsimile)

        **ATTORNEYS FOR DEFENDANTS**

**OF COUNSEL:**

Paula Denney
Fed. ID No. 10063
State Bar No. 05746950
D. Elaine Conway
Fed. ID No. 933210
State Bar No. 24062674
Chevazz G. Brown
Fed. ID No. 946412
State Bar No. 24059498
**JACKSON WALKER L.L.P.**
1401 McKinney, Suite 1900
Houston, Texas 77010
(713) 752-4200
(713) 752-4221 – (facsimile)

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 15, 2011, I served the foregoing *Defendants' Response to Plaintiffs' Motion for Notice and Conditional Certification* electronically via ECF:

Rhonda H. Wills
WILLS LAW FIRM
1776 Yorktown, Suite 600
Houston, Texas 77056
rwills@rwillslawfirm.com

                                                        */s/ Scott R. McLaughlin*
                                                        Scott R. McLaughlin