UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| DAVID LIPNICKI, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 3:10-CV-605 |
| | § | |
| MERITAGE HOMES CORPORATION, | § | |
| *et al*, | § | |
| | § | |
| Defendants. | § | |

## **ORDER**

Having reviewed the parties' extensive briefing and the record, the Court grants Defendant's Motion to Decertify Collective Action. At a future date, the Court will issue an opinion explaining its reasoning. Given the effect of this ruling on preparation for the upcoming trial, however, the Court wanted to provide this notice of the decision.

In sum, the Court concludes that on the key issue to be decided—whether the employees "customarily and regularly engaged" in outside sales as required to satisfy that exemption—Plaintiffs are not sufficiently similarly situated. The Court agrees with Plaintiffs that FLSA exemption cases may often be tried collectively when the employees are performing similar job duties and the employer made a classification based on its view of how employees were performing those common duties. In this case, however, the testimony of many of the plaintiffs is inconsistent

with the prescribed job duties and the performance of those duties as observed by the mystery shoppers. *See Lipnicki v. Meritage Homes Corp.*, 2014 WL 923524, at *8 (noting that the employer and employees in this case "paint starkly contrasting pictures of where the primary sales activity takes place"). Therefore, although Meritage made a blanket policy determination concerning the application of the outside sales exemption, it did so based on an understanding of its employees' work that discovery has revealed is not what is actually happening on the ground for all employees. And the testimony differs significantly among plaintiffs. *See, e.g.*, *id.* (identifying differences in testimony between Anderson and Skelton). The result is that there is a reasonable likelihood that a jury considering the individual circumstances of all 104 plaintiffs, or even a much smaller subgroup, would reach different results for different plaintiffs on the applicability of the outside sales exemption.

As indicated previously to the parties, the Court will still allow all opt-in plaintiffs to pursue their claims. The Court will first try six plaintiffs in the trial scheduled for November 10. Plaintiffs should select three plaintiffs who worked in Texas and Defendants should also select three plaintiffs who worked in Texas. Both parties should file a list with their chosen plaintiffs by October 10.

Jury selection will take place on November 10. Trial will begin November 12. Each side will have 20 hours at trial to question witnesses.

After this first trial involving six plaintiffs, the Court may reconsider whether the remaining plaintiffs shall be tried collectively if trial testimony and the jury's verdict indicate that there are more similarities than the Court believes exist at this time.

Accordingly, Defendant's Motion to Decertify Collective Action (Docket Entry No. 187) is **GRANTED**.

SIGNED this 29th day of September, 2014.

_____
Gregg Costa
United States Circuit Judge[*]

---

[*] Sitting by designation