UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| DAVID LIPNICKI, DONNA ARMSTRONG, TIMOTHY GONZALEZ | § § § | |
| Plaintiffs, | § § | |
| VS. | § § | CIVIL ACTION NO. 3:10-CV-605 |
| MERITAGE HOMES CORPORATION and MERITAGE HOMES OF TEXAS, LLC | § § § § | |
| Defendants. | | |

## COURT'S INSTRUCTIONS TO THE JURY

The following instructions were presented to the jury on the 18th day of

November, 2014.

## MEMBERS OF THE JURY:

## GENERAL INSTRUCTIONS

Now that you have heard the evidence, it becomes my duty to give you the instructions of the Court as to the law applicable to this case. It is your duty as jurors to follow the law as stated in the instructions of the Court, and to apply the rules of law so given to the facts as you find them from the evidence in this case. You, the jury, are the judges of the facts.

## Court's and Jurors' Duties

You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole. Neither are you to be concerned with the wisdom of any rule of law stated by the Court. Regardless of any opinion you may have as to what the law is or ought to be, it would be a violation of your sworn duty to base a verdict upon any other view of the law than that given in the instructions of the Court, just as it would be a violation of your sworn duty, as judges of the facts, to base a verdict upon anything but the evidence in the case.

Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of the case.

Justice through trial by jury must always depend upon the willingness of each individual juror to seek the truth as to the facts from the same evidence presented to

all the jury and to arrive at the verdict by applying the same rules of law as given in the instructions of the Court.

You have been chosen and sworn as jurors in this case to try the issues of fact presented by the evidence. You are to perform this duty without bias or prejudice as to any party. Our system of law does not permit jurors to be governed by sympathy, prejudice, or public opinion. A corporation and all other persons are equal before the law and must be treated as equals in a court of justice. Both the parties and the public expect that you will carefully and impartially consider all the evidence in the case, follow the law as stated by the Court, and reach a just verdict, regardless of the consequences.

## Consideration of Evidence

**General:** In determining whether a party has met the burden of proof on any fact in issue, you may, unless otherwise instructed, consider the sworn testimony of all witnesses, regardless of who may have called them, all exhibits received in evidence, regardless of who may have produced them, and all facts which may have been admitted or agreed to. Anything you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

**Objections and Stricken Testimony:** At times during the trial, I sustained objections to questions asked without permitting the witness to answer. You may not draw any inference from a question that was not answered because I sustained

an objection. The law requires that your decision be made solely upon the competent evidence I received in this case. Items, if any, I have stricken from your consideration were excluded because they are not legally admissible.

I remind you that statements and arguments of counsel are not evidence in the case, nor are they instructions on the law.

**Types of Evidence:** There are two types of evidence that you may consider in properly finding the truth as to the facts in the case. One is direct evidence – such as testimony of an eyewitness. The other is indirect or circumstantial evidence – the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts. As a general rule, the law makes no distinction between direct and circumstantial evidence. In determining whether a party has met his burden of proof, you must consider all the credible evidence, both direct and circumstantial. While you are to consider only the evidence in the case, you are permitted to draw such reasonable inferences as seem justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from facts which have been established by the testimony and evidence in the case.

**Credibility of Witnesses and Weight of Evidence:** Now, I have said that you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate. As the sole judges of the facts, you must determine the credibility, or "believability," of each witness, and what portion of his or her testimony you accept and what weight you attach to it.

You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence to the contrary of the testimony given.

You should carefully scrutinize all the testimony given, the circumstances under which each witness has testified, and every matter of evidence which tends to show whether a witness is worthy of belief. Consider each witness's intelligence, motive, state of mind, demeanor, and manner while on the stand. Consider the witness's ability to observe the matters as to which he or she has testified, and whether the witness impresses you as having an accurate recollection of these matters. Consider also any relation each witness may bear to either side of the case; the manner in which each witness might be affected by the verdict; and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified

falsely concerning some important fact or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory, and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness. The test is not which side brings the greater number of witnesses, or presents the greater quantity of evidence, but which witness, and which evidence, appeals to your minds as being most accurate, and otherwise trustworthy.

Answer each question from the facts as you find them. Do not decide who you think should win and then answer the questions accordingly. Your answers to every question and your verdict must be unanimous.

**Deposition Testimony:** During the course of trial, certain testimony was presented to you through deposition. A deposition is the sworn, recorded answers to questions asked a witness in advance of the trial. Under some circumstances, if a witness cannot be present to testify from the witness stand, that witness's testimony may be presented, under oath, in the form of a deposition. Before this trial, attorneys representing the parties in this case questioned this witness under oath. A court reporter was present and recorded the testimony. This deposition testimony is entitled to the same consideration and is to be judged by you as to credibility and weighed and otherwise considered by you insofar as possible in the same way as if the witness had been present and had testified from the witness stand in court.

**Stipulations of Fact:** A "stipulation" is an agreement. When there is no dispute about certain facts, the attorneys may agree or "stipulate" to those facts. The parties have agreed that Plaintiffs were employed by Meritage during the relevant time period and that Meritage was an enterprise engaged in commerce that had gross annual sales of at least $500,000. Additionally, the parties have agreed that the Plaintiffs primary duty was making sales. You must therefore treat these facts as having been proved.

## Burdens of Proof

In a civil case, a party with the burden of proof on an issue must prove that burden by a preponderance of the evidence. This means you must determine whether the party has shown from the admissible evidence (both direct and circumstantial) that its position is "more likely true than not true."

In deciding whether any fact has been proven by a preponderance of the evidence, you should, unless otherwise instructed by the Court, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them, and give such evidence the weight you believe it deserves.

## Jurors' Notes

If you have elected to take notes during this trial, your notes should be used only as memory aids. You should not give your notes precedence over your

independent recollection of the evidence.  If you did not take notes, you should rely upon your own independent recollection of the proceedings and you should not be unduly influenced by the notes of other jurors.

Notes are not entitled to any greater weight than the memory or impression of each juror as to what the testimony may have been.  Whether you have taken notes or not, each of you must form and express your own opinion as to the facts of the case.

## Parties

The Plaintiffs in this case are Donna Armstrong, Tim Gonzalez, and David Lipnicki, suing to recover alleged unpaid overtime compensation.  Additionally, Plaintiff Donna Armstrong is suing to recover unpaid minimum wages.

The relevant time period with respect to Donna Armstrong is December 20, 2008 to January 15, 2011.  The relevant time period with respect to Tim Gonzalez is January 7, 2009 to February 28, 2009.  The relevant time period with respect to David Lipnicki is December 20, 2008 to February 15, 2010.

The Defendants in this case are Meritage Homes Corporation and Meritage Homes of Texas, LLC.  Defendants are referred to as "Meritage" throughout.

## SPECIFIC INSTRUCTIONS

### Fair Labor Standards Act

This case arises under the Fair Labor Standards Act, a federal law that requires employers to pay non-exempt employees minimum wage and overtime pay. Plaintiffs Donna Armstrong, Tim Gonzalez, and David Lipnicki claim that Defendant Meritage Homes did not pay them legally required overtime pay. Plaintiff Donna Armstrong also claims that she was not paid the legally required minimum wage during certain workweeks. The fact that the Plaintiffs agreed to be paid on a commission basis does not resolve these issues. An employee may be paid on a commission basis and still be entitled to receive overtime and minimum wages, unless he or she is exempt under the Fair Labor Standards Act.

To succeed on his or her claim, each Plaintiff must prove each of the following by a preponderance of the evidence:

(1)     That he or she was employed by Meritage during the relevant time period;

(2)     That he or she was employed by an enterprise engaged in commerce or that Meritage was an enterprise engaged in commerce or in the production of goods for commerce that had gross annual sales of at least $500,000; and

(3)     That Meritage failed to pay him or her overtime compensation and/or minimum wage required by law.

The parties agree on the first two elements and therefore they are established facts that do not require further proof.  Therefore, the only element that each Plaintiff must prove by a preponderance of the evidence is whether Meritage failed to pay him or her overtime that was required by law.

**Outside Sales Exemption:**  Meritage agrees that it did not pay the Plaintiffs minimum wage and overtime pay, but it contends that Plaintiffs were not entitled to minimum wage and overtime pay because they were exempt from the FLSA's minimum wage and overtime pay requirements.  The exemption Meritage claims is the Outside Sales Exemption.

To receive the benefit of this exemption as to an individual Plaintiff, Meritage has the burden of proving by a preponderance of the evidence that the Plaintiff was employed in the capacity of an outside salesperson.  To prove this, Meritage must show as to each Plaintiff:

(1)     That the Plaintiff's primary duty was making sales; and

(2)     That the Plaintiff was customarily and regularly engaged away from the employer's place of business in performing their sales duties.

The parties agree that the Plaintiffs' primary duty was making sales. Therefore, the only remaining question is whether each of the Plaintiffs was customarily and regularly engaged away from Meritage's place of business in performing their sales duties.

The phrase "customarily and regularly" means a frequency that must be greater than occasional but which, of course, may be less than constant. Tasks or work performed "customarily and regularly" includes work normally and recurrently performed every workweek. It does not include isolated or one-time tasks. When considering whether each Plaintiff was customarily and regularly engaged away from the employer's place of business, consider both the relative amount of time spent on outside sales duties as well as the relative importance of any sales duties performed outside.

The "employer's place of business" includes any fixed site, whether home or office, used by a salesperson as a headquarters or for solicitation of sales over the phone. In this case, the model home, where plaintiffs maintained their sales offices, and any other Meritage offices, such as the Houston corporate office, are Meritage's places of business. Therefore any time spent performing sales duties in those locations, whether through in-person meetings, e-mail, phone calls, or other means is considered "inside." On the other hand, properties located within the Meritage subdivision but outside the model homes, such as other lots for sale, and places

outside the Meritage communities are not part of the employer's place of business. Any time spent performing sales duties in those places is considered "outside."

Exempt outside sales work includes work performed incidental to and in conjunction with the employee's own outside sales or solicitations and work that furthers the employee's own sales efforts.

## **Question No. 1: Outside Sales Exemption**

Do you find that Meritage has proven, by a preponderance of the evidence, that the following Plaintiffs were employed in the capacity of an outside salesperson under the Outside Sales Exemption?

Donna Armstrong:      Yes \_\_\_\_\_      No \_\_\_\_\_

Tim Gonzalez:        Yes \_\_\_\_\_      No \_\_\_\_\_

David Lipnicki:       Yes \_\_\_\_\_      No \_\_\_\_\_

If you answered "Yes" for each Plaintiff, you do NOT need to answer any more questions.

If you answered "No" for any Plaintiff, then answer Question No. 2 for any Plaintiff for whom you answered "No" above.

**Hours Worked:** Under the FLSA, a non-exempt employee must be compensated for all hours worked. "Hours worked" includes all time spent by an employee that was primarily for the benefit of the employer or the employer's business. An employee's time spent primarily for the benefit of the employer or the employer's business is "hours worked" only if the employer knew or had reason to believe that the employee was doing the work. At the same time, an employer who knows that an employee is working overtime and does not want the work to be done must make reasonable effort to prevent it. If an employee in fact does overtime work and the employer knows or has reason to believe it, the employer cannot stand idly by and allow the employee to perform the work without proper compensation, even if the employee did not make a claim for the compensation at the time.

**Recordkeeping:** If employees are not exempt under the FLSA, the law requires an employer to keep records of how many hours its employees work. In this case, Plaintiffs each claim that Meritage failed to keep and maintain adequate records of his or her hours. Plaintiffs also claims that Meritage's failure to keep and maintain adequate records has made it difficult for them to prove the exact amount of his or her claim.

If you find that Meritage failed to keep adequate time records for Plaintiffs Donna Armstrong, Tim Gonzalez, and David Lipnicki, then Plaintiffs may recover a reasonable estimation of the amount of hours that he or she worked. But to recover,

each Plaintiff must prove by a preponderance of the evidence a reasonable estimate of the amount and extent of the work for which he or she seeks pay.

**Meal Periods:**   In determining the number of hours worked, you should include all meal periods, unless such meal periods constitute "bona fide meal periods."   To constitute a "bona fide meal period," the meal period must: (1) ordinarily last at least 30 minutes; and (2) during this meal period, the employee must be completely relieved from duty.

## Question No. 2: Hours Worked

How many hours did each Plaintiff work during the workweeks listed below?

**Donna Armstrong (12/20/08-1/15/11)**

| Week Start | Week End | Hours Worked |
|---|---|---|
| 12/20/2008 | 12/27/2008* | |
| 12/28/2008 | 1/3/2009 | |
| 1/4/2009 | 1/10/2009 | |
| 1/11/2009 | 1/17/2009 | |
| 1/18/2009 | 1/24/2009 | |
| 1/25/2009 | 1/31/2009 | |
| 2/1/2009 | 2/7/2009 | |
| 2/8/2009 | 2/14/2009 | |
| 2/15/2009 | 2/21/2009 | |
| 2/22/2009 | 2/28/2009 | |
| 3/1/2009 | 3/7/2009 | |
| 3/8/2009 | 3/14/2009 | |
| 3/15/2009 | 3/21/2009 | |
| 3/22/2009 | 3/28/2009 | |
| 3/29/2009 | 4/4/2009 | |
| 4/5/2009 | 4/11/2009 | |
| 4/12/2009 | 4/18/2009 | |
| 4/19/2009 | 4/25/2009 | |
| 4/26/2009 | 5/2/2009 | |
| 5/3/2009 | 5/9/2009 | |
| 5/10/2009 | 5/16/2009 | |
| 5/17/2009 | 5/23/2009 | |
| 5/24/2009 | 5/30/2009 | |
| 5/31/2009 | 6/6/2009 | |
| 6/7/2009 | 6/13/2009 | |
| 6/14/2009 | 6/20/2009 | |
| 6/21/2009 | 6/27/2009 | |
| 6/28/2009 | 7/4/2009 | |
| 7/5/2009 | 7/11/2009 | |
| 7/12/2009 | 7/18/2009 | |
| 7/19/2009 | 7/25/2009 | |
| 7/26/2009 | 8/1/2009 | |
| 8/2/2009 | 8/8/2009 | |

| | | |
|---|---|---|
| 8/9/2009 | 8/15/2009 | |
| 8/16/2009 | 8/22/2009 | |
| 8/23/2009 | 8/29/2009 | |
| 8/30/2009 | 9/5/2009 | |
| 9/6/2009 | 9/12/2009 | |
| 9/13/2009 | 9/19/2009 | |
| 9/20/2009 | 9/26/2009 | |
| 9/27/2009 | 10/3/2009 | |
| 10/4/2009 | 10/10/2009 | |
| 10/11/2009 | 10/17/2009 | |
| 10/18/2009 | 10/24/2009 | |
| 10/25/2009 | 10/31/2009 | |
| 11/1/2009 | 11/7/2009 | |
| 11/8/2009 | 11/14/2009 | |
| 11/15/2009 | 11/21/2009 | |
| 11/22/2009 | 11/28/2009 | |
| 11/29/2009 | 12/5/2009 | |
| 12/6/2009 | 12/12/2009 | |
| 12/13/2009 | 12/19/2009 | |
| 12/20/2009 | 12/26/2009 | |
| 12/27/2009 | 1/2/2010 | |
| 1/3/2010 | 1/9/2010 | |
| 1/10/2010 | 1/16/2010 | |
| 1/17/2010 | 1/23/2010 | |
| 1/24/2010 | 1/30/2010 | |
| 1/31/2010 | 2/6/2010 | |
| 2/7/2010 | 2/13/2010 | |
| 2/14/2010 | 2/20/2010 | |
| 2/21/2010 | 2/27/2010 | |
| 2/28/2010 | 3/6/2010 | |
| 3/7/2010 | 3/13/2010 | |
| 3/14/2010 | 3/20/2010 | |
| 3/21/2010 | 3/27/2010 | |
| 3/28/2010 | 4/3/2010 | |
| 4/4/2010 | 4/10/2010 | |
| 4/11/2010 | 4/17/2010 | |
| 4/18/2010 | 4/24/2010 | |
| 4/25/2010 | 5/1/2010 | |
| 5/2/2010 | 5/8/2010 | |
| 5/9/2010 | 5/15/2010 | |
| 5/16/2010 | 5/22/2010 | |

| | | |
|---|---|---|
| 5/23/2010 | 5/29/2010 | |
| 5/30/2010 | 6/5/2010 | |
| 6/6/2010 | 6/12/2010 | |
| 6/13/2010 | 6/19/2010 | |
| 6/20/2010 | 6/26/2010 | |
| 6/27/2010 | 7/3/2010 | |
| 7/4/2010 | 7/10/2010 | |
| 7/11/2010 | 7/17/2010 | |
| 7/18/2010 | 7/24/2010 | |
| 7/25/2010 | 7/31/2010 | |
| 8/1/2010 | 8/7/2010 | |
| 8/8/2010 | 8/14/2010 | |
| 8/15/2010 | 8/21/2010 | |
| 8/22/2010 | 8/28/2010 | |
| 8/29/2010 | 9/4/2010 | |
| 9/5/2010 | 9/11/2010 | |
| 9/12/2010 | 9/18/2010 | |
| 9/19/2010 | 9/25/2010 | |
| 9/26/2010 | 10/2/2010 | |
| 10/3/2010 | 10/9/2010 | |
| 10/10/2010 | 10/16/2010 | |
| 10/17/2010 | 10/23/2010 | |
| 10/24/2010 | 10/30/2010 | |
| 10/31/2010 | 11/6/2010 | |
| 11/7/2010 | 11/13/2010 | |
| 11/14/2010 | 11/20/2010 | |
| 11/21/2010 | 11/27/2010 | |
| 11/28/2010 | 12/4/2010 | |
| 12/5/2010 | 12/11/2010 | |
| 12/12/2010 | 12/18/2010 | |
| 12/19/2010 | 12/25/2010 | |
| 12/26/2010 | 1/1/2011 | |
| 1/2/2011 | 1/8/2011 | |
| 1/9/2011 | 1/15/2011 | |

*long week

**Tim Gonzalez (1/7/09-2/28/09)**

| Week Start | Week End | Hours Worked |
|---|---|---|
| 1/7/2009 | 1/10/2009 | |
| 1/11/2009 | 1/17/2009 | |
| 1/18/2009 | 1/24/2009 | |
| 1/25/2009 | 1/31/2009 | |
| 2/1/2009 | 2/7/2009 | |
| 2/8/2009 | 2/14/2009 | |
| 2/15/2009 | 2/21/2009 | |
| 2/22/2009 | 2/28/2009 | |

**David Lipnicki (12/20/08-2/15/10)**

| Week Start | Week End | Hours Worked |
|---|---|---|
| 12/20/2008 | 12/27/2008** | |
| 12/28/2008 | 1/3/2009 | |
| 1/4/2009 | 1/10/2009 | |
| 1/11/2009 | 1/17/2009 | |
| 1/18/2009 | 1/24/2009 | |
| 1/25/2009 | 1/31/2009 | |
| 2/1/2009 | 2/7/2009 | |
| 2/8/2009 | 2/14/2009 | |
| 2/15/2009 | 2/21/2009 | |
| 2/22/2009 | 2/28/2009 | |
| 3/1/2009 | 3/7/2009 | |
| 3/8/2009 | 3/14/2009 | |
| 3/15/2009 | 3/21/2009 | |
| 3/22/2009 | 3/28/2009 | |
| 3/29/2009 | 4/4/2009 | |
| 4/5/2009 | 4/11/2009 | |
| 4/12/2009 | 4/18/2009 | |
| 4/19/2009 | 4/25/2009 | |
| 4/26/2009 | 5/2/2009 | |
| 5/3/2009 | 5/9/2009 | |
| 5/10/2009 | 5/16/2009 | |
| 5/17/2009 | 5/23/2009 | |
| 5/24/2009 | 5/30/2009 | |

| | | |
|---|---|---|
| 5/31/2009 | 6/6/2009 | |
| 6/7/2009 | 6/13/2009 | |
| 6/14/2009 | 6/20/2009 | |
| 6/21/2009 | 6/27/2009 | |
| 6/28/2009 | 7/4/2009 | |
| 7/5/2009 | 7/11/2009 | |
| 7/12/2009 | 7/18/2009 | |
| 7/19/2009 | 7/25/2009 | |
| 7/26/2009 | 8/1/2009 | |
| 8/2/2009 | 8/8/2009 | |
| 8/9/2009 | 8/15/2009 | |
| 8/16/2009 | 8/22/2009 | |
| 8/23/2009 | 8/29/2009 | |
| 8/30/2009 | 9/5/2009 | |
| 9/6/2009 | 9/12/2009 | |
| 9/13/2009 | 9/19/2009 | |
| 9/20/2009 | 9/26/2009 | |
| 9/27/2009 | 10/3/2009 | |
| 10/4/2009 | 10/10/2009 | |
| 10/11/2009 | 10/17/2009 | |
| 10/18/2009 | 10/24/2009 | |
| 10/25/2009 | 10/31/2009 | |
| 11/1/2009 | 11/7/2009 | |
| 11/8/2009 | 11/14/2009 | |
| 11/15/2009 | 11/21/2009 | |
| 11/22/2009 | 11/28/2009 | |
| 11/29/2009 | 12/5/2009 | |
| 12/6/2009 | 12/12/2009 | |
| 12/13/2009 | 12/19/2009 | |
| 12/20/2009 | 12/26/2009 | |
| 12/27/2009 | 1/2/2010 | |
| 1/3/2010 | 1/9/2010 | |
| 1/10/2010 | 1/16/2010 | |
| 1/17/2010 | 1/23/2010 | |
| 1/24/2010 | 1/30/2010 | |
| 1/31/2010 | 2/6/2010 | |
| 2/7/2010 | 2/13/2010 | |
| 2/14/2010 | 2/15/2010*** | |

** long week
***short week

## CONCLUDING INSTRUCTIONS

When you retire to the jury room to deliberate on your verdict, you may take this charge with you, as well as exhibits which the Court has admitted into evidence. Select your Foreperson and conduct your deliberations. If you recess during your deliberations, follow all of the instructions that the Court has given you about your conduct during the trial.

If you want to communicate with me at any time, please give a written message or question to the courtroom deputy, who will bring it to me. I will then respond as promptly as possible either in writing or by having you brought into the courtroom so that I can address you orally. I will always disclose to the attorneys your question and my response before I answer your question.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reach an agreement, if you can do so without violence to individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

During your deliberations, you must not communicate with or provide any

information to anyone by any means about this case. You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry or computer; the internet, any internet service, or any text or instant messaging service; or any internet chat room, blog, or website such as Facebook, My Space, LinkedIn, YouTube, or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.

Remember at all times that you are not partisans. You are judges—judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

After you have reached your unanimous verdict, your Foreperson is to fill in your answers to the questions on the verdict form. Do not reveal your answers until such time as you are discharged, unless otherwise directed by me. You must never disclose to anyone, not even to me, your numerical division on any question.

After you have reached a verdict, you are not required to talk with anyone about the case unless the Court orders otherwise. You may now retire to the jury room to conduct your deliberations.

## CERTIFICATE

We, the jury, have answered the above questions and return same into the Court as our verdict.

_____
Foreperson of the Jury
Signed this ___ day of November, 2014.